## DICKERHOFF v BAIR

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 14, 1936

Harvey F. Ake, Canton, for appellant.

Lynch, Day, Pontius & Lynch, Canton, and Kenneth B. Cope, Canton, for appellee.

## OPINION

By SHERICK, J.

This is an action by the personal representative of a deceased seven year old boy for damages for wrongful death as against the defendant, William Bair, who was the driver of a school bus upon which the deceased was being delivered from school. Trial resulted in a verdict for the defendant, Bair, upon which judgment was entered. From this judgment the plaintiff appeals. It is here contended that the verdict and the judgment entered thereon are against the manifest weight of the evidence and contrary to law.

It is maintained that the facts of this case are on all fours with those found in Ziehm v Vale, 98 Oh St 306, 120 NE 702, 1 A.L.R. 1381. No other authority is suggested or relied upon for a reversal of this cause. A major portion of the evidence in this case relates to claimed admission made by Bair after the accident, and to declarations claimed to have been made by the parents to Bair after the accident, exonerating him from all blame. This evidence is cumulative to certain further positive evidence to which reference will hereinafter be made. On the other hand, these claimed admissions and declarations pertain to the matter of credibility of witnesses, with which the jury only may be concerned. Much time is devoted to the location of certain blood spots in the road, concerning which there seems to be little, if any, dispute.

The substantial facts adduced, which go to make the plaintiff's case, come from the mouth of the witness Murphy, in that he saw the children getting off the bus, saw the three little boys get off last, and saw them start around the front of the bus to cross the street. He further testifies that he did not see where the boys were when the bus started, that he did not see the deceased until after he had been run over, and did not see by what part or wheel of the bus. On the part of the defendant to support the issue made by his general denial and claim of unavoidable accident, Bair testified that the deceased was the last of the children to alight from the bus, that he saw the child turn from the entrance to go around the rear of the bus, that before he started he saw the girls in the yard across the street and the two boys entering the gate, that he looked ahead before starting, that he could have seen the child if standing before the bus, and that he did not see him, and that he thought he had gone off with the other children. He also testifies that he noticed one jar in the rear as the truck ran over the boy. This fact is corroborated by the only passenger left in the bus.

From these divergent circumstances it became a question of fact for the jury to determine which part of the bus ran over the boy. The appellant argues that the driver of the bus was bound to exercise ordinary care, and to that end, in this instance, Bair in the exercise thereof should have descended from the bus and ascertained the whereabouts of the boy before proceeding. In other words, Bair owed him that duty.

Comparing the facts with those found in the Ziehm case, supra, we find an important difference. The boy, a four year old, was upon the running board of the driver's

car. The driver twice chased him away. The court, therefore, held that knowing the child's proximity, and the propensity of children to persist in their pranks, the driver was thereby not absolved from further duty towards the infant. In the case now before this court there is no evidence of Bair's knowledge of the deceased's close proximity to the car. The evidence is that all other children then alighting had moved away from the bus, and the driver therefore had a right to presume that the boy had done likewise.

If Meyee Dairy Products Co. v Gill, 129 Oh St 633, 196 NE 428, is examined, it will be found that the Ziehm case is therein distinguished. In the Products Co. case a boy standing about had climbed upon a moving belt. The company had no knowledge, actual or constructive, that the boy was in a place of danger. The court said, at page 641:

"If the doctrine of the Ziehm case be extended to cover such a situation, then in every instance the driver of an automobile passing an active boy on the street, in order to protect himself from a charge of negligence, must stop his automobile."

If the rule of the Ziehm case is here applied, and the duty is imposed upon a driver who has no knowledge of a child's proximity to a bus, and that the child is in a place of danger if the bus is moved on—then it is to hold that the driver before starting must, in the exercise of ordinary care, descend from his bus each time before moving on, or see and count his alighting children, who ordinarily quickly spread to the four winds. The driver's knowledge is an important factor. In the absence of any such knowledge, we do not think the driver bound to so act. If such were imperative, it would amount to changing the rule to one of extraordinary care.

If the driver was guilty of any negligence in this case we are unable to perceive it. It was the jury's province to determine that issue. It is not this court's prerogative to substitute its judgment in the jury's stead. The judgment is not against the manifest weight of the evidence, or contrary to law.

The judgment is affirmed.

LEMERT, PJ, and MONTGOMERY, J, concur.